M. Carolan v. Anthony O'Donnell.   Michael Glennon v. The Star Company. In the Matter of Charlotte Miller.— Motions denied, with ten dollars costs.

Edwin Guinsburg v. Julius Joseph.— Motion denied, with ten dollars costs.

Francis M. McManus v. Howard M. Durant.— Motion granted on terms stated in order.

Patrick Fogarty v. William P. Fogarty.   Martin Ungrich v. Henry Ungrich. Michael Glennon v. The Star Company.   Calogaro Petrantoni v. New York Taxicab Company.— Motions denied, with ten dollars costs.

The People of the State of New York v. Frederock G. Santanello.— Motion granted.   Case set down for January thirty-first.

Morris Salomon v. North British and Mercantile Insurance Company.— Motion granted on payment of ten dollars costs.   Settle order on notice.

Morris Salomon v. North British and Mercantile Insurance Company.— Motion granted, without costs.   Settle order on notice.

Tobias Schwartz' v. Samuel Klar.— Motion granted, unless respondent stipulates to hear appeal on the papers as printed, in which case the appeal may be set down for February seventh.   Settle order on notice.

In the Matter of David H. Solotaroff.— Reference ordered to official referee. Settle order on notice.

---

## SECOND DEPARTMENT, JANUARY, 1911.

NELLIE SULLIVAN, an Infant, by JULIA RYAN, Her Guardian ad Litem, Respondent, v. CHARLES SCHWEINLER, Doing Business under the Firm Name and Style of CHARLES SCHWEINLER PRESS, Appellant.

*Master and servant — negligence — violation of Labor Law.*

Appeal by the defendant from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, rendered on May 19, 1910.

THOMAS, J.: The complaint charges that the defendant was negligent in furnishing "unsafe, defective, insecure and unprotected machinery, attachments and appliances," and particularly that the machine by which plaintiff was injured was not guarded in compliance with the Labor Law. The evidence tends to show no breach of duty by the master, unless it be in the failure to guard the rod which caught plaintiff's hair, and the charge of the court should have related only to that. The Labor Law (Laws of 1901, chap. 9, § 81)* provides: "All vats, pans, saws, planers, cogs, gearing, belting, shafting, setscrews and machinery, of every description, shall be properly guarded." The court should have submitted to the jury these questions: (1) Was it practicable to guard the rod; (2) should the defendant in the exercise of reasonable prudence have expected that the rod, unguarded, would expose the plaintiff to unneces-

---

* *Sic.*   See Gen. Laws, chap. 32 (Laws of 1897, chap. 415), § 81, as amd. by Laws of 1906, chap. 366 ; Consol. Laws, chap. 31 (Laws of 1909, chap. 36), § 81, as amd. by Laws of 1909, chap. 299.— [REP.